PRESTO MANUFACTURING COMPANY, et al. *v.* CHANDLER

No. 43375 March 1, 1965 172 So. 2d 431

*Melvin B. Bishop, Daniel, Coker & Horton,* Jackson, for appellant.

*J. O. Hollis,* Carthage, for appellee.

RODGERS, J.

This is a workmen's compensation case. The appellee, workman, is suffering from the disease of cystic emphysema and chronic bronchitis. He has small blebs or cysts in the apices of both lungs. His disabling onset occurred when one of the blebs, or air spaces, ruptured, causing the lung to partially collapse. The sudden rupture is called spontaneous pneumothorax by the medical doctors, and it may be caused by several initiating circumstances, including strain and coughing.

The evidence shows the petitioner's first episode of spontaneous pneumothorax occurred on May 5, 1961, while he was working in plastic dust and chemical fumes at his place of employment. He was absent from his work until May 26, 1961. Petitioner again suffered a spontaneous pneumothorax on August 10, 1961, and was unemployed until April 16, 1962. Thereafter, his diseased condition became normal.

 The appellant argues on appeal that the medical testimony does not show that the spontaneous pneumothorax occurred as the result of the petitioner's employment; that the evidence shows only a "possible" causation connecting it with his employment, rather than a "probable" causal connection with petitioner's employment. We are of the opinion, however, that there is ample medical evidence shown by the record on which the Workmen's Compensation Commission could reasonably base a finding of fact, from which it determined that the petitioner's onset of spontaneous pneumothorax occurred as a result of physical strain caused by petitioner's coughing, which in turn was caused by plastic dust and chemical fumes inhaled at petitioner's place of employment.

 The petitioner-workman has cross-appealed and contends here that the order of the Workmen's Compensation Commission is erroneous because the Commission did not find that appellant was not permanently and totally disabled from emphysema, sustained, aggravated, or contributed to by the gradual injury from long exposure to plastic dust and chemical fumes, culminating in the spontaneous pneumothorax.

In answer to this query — and without stopping to determine whether or not emphysema, systic type, is an occupational disease — we are satisfied that the Commission had ample medical testimony from which to base its determination in this case, that the appellee is not totally and permanently disabled, although his condition was temporarily aggravated by the dust and fumes inhaled during his employment.

The judgment of the Circuit Court and the order of the Workmen's Compensation Commission will be affirmed, allowing temporary total disability for the periods therein set out at the rate therein shown in accordance with the Workmen's Compensation law, together with the penalty prescribed. In addition, we allow the

5% statutory penalty on the amount allowed by the judgment of the Circuit Court, together with 6% interest on each weekly payment from the date due until paid. The motion of appellee-workman to fix a reasonable attorney's fee to be paid his attorney for his services will be sustained and the total attorney's fee is fixed at 33-1/3% of the amount recovered by the appellee-workman.

Affirmed on direct and cross-appeals.

*Kyle, P. J., and Gillespie, Brady and Inzer, JJ.,* concur.